UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENNIFER LANE,

Plaintiff,

v.

GRANT COUNTY, a Washington municipal corporation,

Defendant.

NO. CV-11-309-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 21, and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument.

## MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## STATEMENT OF FACTS

Plaintiff was employed as the Financial Director for the Grant County Prevention and Recovery Center (PARC) from 1990 until 1996, when she became the administrator for the agency in 1996. PARC is a drug and alcohol treatment program operated by Grant County. As an administrator, Plaintiff performed all financial functions for PARC, as well as planned and administered the budget and performed payroll functions.

On June 18, 2009, Plaintiff sought Family Medical Leave Act leave related to her physical and emotional problems. On June 24, 2009, Tammie Hechler, Grant County Human Resources Director and the three County Commissioners, personally delivered to her a letter that informed her that the County had determined that she was a key employee and that it intended not to restore her to her position. The letter indicated that the PARC was going to be restructured with Grant Mental Health Care, and that Plaintiff's position was being eliminated.

Prior to delivering the letter to Plaintiff, Ms. Hechler conducted some economic analysis of the harm Grant County would suffer in restoring Plaintiff to her position, although she never made the determination that restoring Plaintiff

and continuing her salary and benefits would cause a grievous and substantial economic injury to Defendant. Plaintiff received another letter on July 9, 2009, informing her of a position that was open for the Finance Director.

On August 28, 2009, Jalene Christian-Stoker submitted a letter/proposal to Hechler containing an integration of the programs. The proposal contained a cost/savings analysis, which displayed the economic impact of eliminating Plaintiff's PARC Administrator position. The net savings to PARC was $60,704. This analysis did not include the cost of the new position of Financial Director.

On September 1, 2009, the departments were integrated and a new Finance Director for Grant Integrated Services began work on that same day. On September 3, 2009, the Board of Commissioners approved Ms. Hechler's recommendation for the restructure of the agencies and the elimination of Plaintiff's position.

On September 1, 2009, Plaintiff received another letter in which she was informed by Hechler that her employment would end on September 22, 2008, due to the County's denial of restoration on the basis that Plaintiff was a key employee under the Family Medical Leave Act. At the end of her FMLA leave, Plaintiff did not make any attempt to return to work at Grant County. Rather, she applied for unemployment insurance benefits and started to look for other work.

**DISCUSSION**

In her Complaint, Plaintiff alleges four claims: (1) violation of Family Medical Leave Act; (2) breach of specific promise; (3) disability discrimination; and (4) wrongful discharge in violation of public policy. The focus of the parties' Motions for Summary Judgment is the Family Medical Leave Act claim.

In its motion, Defendant makes three arguments: (1) Plaintiff is not eligible for leave because the public employer staff exemption precludes coverage under the FMLA; (2) the County's mistaken grant of leave does not preclude it from

challenging Plaintiff's eligibility[1]; and (3) even if eligible, Plaintiff is a "key employee" and is not entitled to reinstatement after her leave. In her motion, Plaintiff argues that Defendant failed to follow the regulations when it designated her as a "key employee" and notified her that it was their intention to deny restoration.

**1. Whether Plaintiff is Eligible for Leave under the FMLA**

The FMLA excludes from coverage the personal staff members of public officer holders and persons appointed by an officeholder to serve on a policymaking level. In its definition of employee, the FMLA incorporates the personal staff exemption and the policymaking exemption contained in the Fair Labor Standards Act.[2]

29 U.S.C. § 203(e) of the FLSA contains the (II) personal staff exemption and (III) the policymaker exemption:

This section specifically excludes from the definition of "employee" any individual who is not subject to the civil services laws; and who–

> (I) holds a public elective office of that State, political subdivision, or agency,
> (II) is selected by the holder of such an office to be a member of his personal staff,
> (III) is appointed by such an officeholder to serve on a policymaking level,
> (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
> (V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

[1]The County made this argument preemptively. Because Plaintiff does not rely on this argument, the Court will not address it.

[2]29 U.S.C. § 2611(3) states: The terms "employ," "employee," and "State" have the same meanings given such terms in subsections ©, (e), and (g) of section 203 of this title [the FLSA].

29 U.S.C. § 203 (C)(i),(ii).

The employer has the burden of establishing any exemption or exception. *See Cheek v. City of Edwardsville, KS*, 514 F.Supp.2d 1236, 1248 (D. Kansas 2007) (reasoning that since employer has burden of establishing exemption from FLSA, the employer should have the same burden under the FMLA). "FLSA exemptions [and the FMLA exemptions] are to be narrowly construed against employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Webster v. Public School Employees of Wash., Inc.*, 247 F.3d 910, 914 (9th Cir. 2001).

Defendant argues that both the personal staff exemption and the policymaker exemption apply to Plaintiff.

**a. Personal Staff Exemption**

In determining whether an individual is a personal staff member of a public official, and thus, excluded from coverage under the FMLA, courts are instructed to consider the following non-exhaustive list:

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Rutland v. Pepper*, 404 F.3d 921, 924 (5th Cir. 2005).

The personal staff exemption must be narrowly construed. *Id.* In interpreting the Title VII exemption, the Tenth, Fifth, and Fourth Circuits have interpreted the personal staff exemption to apply on to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected

official.[3] *Nichols v. Hurley*, 921 F.2d 110, 1103 (10th Cir. 1990); *Teneyuca v. Bexar Cnty*, 767 F.2d 148, 150 (5th Cir. 1985); *Curl v. Reavis*, 740 F.2d 1323, 1327-28 (4th Cir. 1984).

Several district courts have held that the personal staff exception does not apply to the relationship between a board or the collective members of a council and a manager. *See Battle v. Haywood County Bd. Of Ed.*, 2011 WL 4833113 (W.D. Tenn. Oct. 12, 2011) (finding that the director of schools did not fall within "personal staff" exemption in Title VII case); *Horne v. Russell County Comm'n*, 379 F.Supp.2d 1305, 1318 (M.D. Ala. 2005)(finding that the administrator did not fall within "personal staff" exemption to Title VII definition of "employee"); *Gomez v. City of Eagle Pass*, 91 F.Supp.2d 1000, 1007 (W.D. Tex. 2000)(holding that because the city manager is accountable not to an elected official, but to a collective decision-making body, she did not fit within the personal staff exception). The courts in these cases concluded that the plain language of the personal staff exception does not encompass persons who serve at the direction of a board.

The Court finds that Plaintiff does not qualify as personal staff exemption. The Court agrees that the plain language of the statute does not encompass persons

---

[3]Title VII and the ADEA define employee as:

> (f) the term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject ot the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f); 29 U.S.C. § 630.

who serve at the direction of a board. Moreover, here, the relationship between the manager of the Board is not a close, intimate relationship that is contemplated by this exemption. The Commissioners who initially hired Plaintiff are not the current Commissioners. Her employment did not end when the appointment commissioners no longer served on the Commission.

**b. Policymaker Exemption**

As with the personal staff exemption, the plain language of the statute directs that the exemption is not to be applied to a person who serves at the direction of a board. Subsection (III) refers to a particular official, in the singular. It does not encompass an elected board.

Defendant relies on cases interpreting Title VII and ADEA. However, the definition of employee in those statutes, while similar, is not identical to the definition of employee found in the FLSA. *See Footnote 3*. Notably, the policymaker exemption is defined as "an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f). This definition conceivably encompasses persons who are appointed by a board or collective body. On the other hand, the definition of the policymaker exemption contained in the FLSA exempts a person who "is appointed by such an officeholder to serve on a policymaking level." This definition specifically and explicitly refers to a particular official, in the singular. As such, the Court finds that the policymaker exemption set forth in the FLSA and the FMLA does not apply to a person who serves at the direction of a board.

**2. Whether Plaintiff Received Adequate Notice**

The FMLA exempts from coverage of the Act persons who qualify as "key employee." 29 U.S.C. § 2614(b) provides:

> (b) Exemption concerning certain highly compensated employees

> (1) Denial of restoration
>
> An employer may deny restoration under subsection (a) of this section to any eligible employee described in paragraph (2) if--
>
> (A) such denial is necessary to prevent substantial and grievous economic injury to the operations of the employer;
>
> (B) the employer notifies the employee of the intent of the employer to deny restoration on such basis at the time the employer determines that such injury would occur; and
>
> © in any case in which the leave has commenced, the employee elects not to return to employment after receiving such notice.
>
> (2) Affected employees
>
> An eligible employee described in paragraph (1) is a salaried eligible employee who is among the highest paid 10 percent of the employees employed by the employer within 75 miles of the facility at which the employee is employed.

An employer is required to give two types of notice to a key employee.

Under 29 C.F.R. § 825.219(a),

> An employer who believes that reinstatement may be denied to a key employee, must give written notice to the employee at the time the employee gives notice of the need for FMLA leave (or when FMLA leave commences, if earlier) that he or she qualifies as a key employee. At the same time, the employer must also fully inform the employee of the potential consequences with respect to reinstatement and maintenance of health benefits if the employer should determine that substantial and grievous economic injury to the employer's operations will result if the employee is reinstated from FMLA leave. If such notice cannot be given immediately because of the need to determine whether the employee is a key employee, it shall be given as soon as practicable after being notified of a need for leave (or the commencement of leave, if earlier). It is expected that in most circumstances there will be no desire that an employee be denied restoration after FMLA leave and, therefore, there would be no need to provide such notice. However, an employer who fails to provide such timely notice will lose its right to deny restoration even if substantial and grievous economic injury will result from reinstatement.

29 C.F.R. § 825.219(b) provides:

> As soon as an employer makes a good faith determination, based on the facts available, that substantial and grievous economic injury to its operations will result if a key employee who has given notice of the need for FMLA leave or is using FMLA leave is reinstated, the employer shall notify the employee in writing of its determination, that it cannot deny FMLA leave, and that it intends to

> deny restoration to employment on completion of the FMLA leave. It is anticipated that an employer will ordinarily be able to give such notice prior to the employee starting leave. The employer must serve this notice either in person or by certified mail. This notice must explain the basis for the employer's finding that substantial and grievous economic injury will result, and, if leave has commenced, must provide the employee a reasonable time in which to return to work, taking into account the circumstances, such as the length of the leave and the urgency of the need for the employee to return.

In this case, Plaintiff received three notices, informing her that she was a key employee and that she would not be restored to her prior position. She is not disputing her designation as a key employee. The Court finds that the notice was adequate to provide the reasons for not restoring Plaintiff, and the record demonstrates that Plaintiff did not provide any notice that she was electing to return to work. Plaintiff was given the opportunity to weigh whether taking FMLA leave was in her best interest, which is the purpose of the notice. *See Neel v. Mid-Atlantic of Fairfield, LLC*, 778 F.Supp.2d 593, 603 (D. Maryland 2011).

**3. Conclusion**

Although Plaintiff is covered by the FMLA, she is exempted from its application because she is a key employee and was given proper notice. Thus, Plaintiff's claim for restoration under the FMLA is dismissed. The parties did not move for summary judgment on Plaintiff's claim for retaliation under the FMLA, so the Court did not address it.

///

///

///

///

///

///

///

///

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 21, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 17th day of January, 2013.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Court

Q:\RHW\aCIVIL\2011\Lane\sj.wpd