UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENNIFER LANE,

    Plaintiff,

v.

GRANT COUNTY, a Washington municipal corporation,

    Defendant.

NO.  CV-11-309-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT TO ALTER OR AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; CONTINUING JURY TRIAL**

A telephonic pretrial conference was held on January 28, 2013, in Spokane, Washington. Plaintiff was represented by Steven Lacy; Defendants were represented by Jerry Moberg and Patrick Moberg. Before the Court are a number of pretrial motions.

**1. Plaintiff's Motion for Court to Alter or Amend ("Reconsider") Its Order on Motions for Summary Judgment / Defendant's Motion to Strike Retaliation and/or Interference Claim as Moot and to Dismiss State Law Claims Without Prejudice**

Defendant asks the Court to strike Plaintiff's claim for retaliation and/or interference under the Family Medical Leave Act (FMLA) as moot. The Court denies Defendant's motion because the summary judgment order did not address Plaintiff's claim that the taking of FMLA was a negative factor in the decision to terminate her. That claim is ripe for trial.

Similarly, Plaintiff's claim that she is entitled to restoration survives summary judgment. Defendant argues that under the FMLA, it does not have an obligation to restore key employees as long as the notice is adequate under the

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT TO ALTER OR AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; CONTINUING JURY TRIAL ~ 1**

regulations. It also argues that it does not have an obligation to restore key employees who did not request reinstatement at the end of the leave period. Plaintiff argues that there is a factual issue with respect to the right to restoration claim, namely whether there was substantial and grievous economic injury to the operations of the employer and whether there was a job to which she could return. The Court agrees. As such, the Court grants Plaintiff's Motion for Reconsideration.

**2.    Motions in Limine**

The parties presented Motions in Limine that, for the most part, involved application of the Federal Rules of Evidence. Generally, the Court does not enter orders addressing these motions, rather, the Court expects counsel to abide by the Federal Rules of Evidence.

**A.    Plaintiff's Job Performance**

Plaintiff asks that Defendant be prohibited from introducing evidence of complaints about her job performance made prior to the date of Plaintiff's application for FMLA leave. She argues that this evidence would serve only to improperly disparage her, mislead and confuse the jury, and cause unnecessary use of the court's time.  Defendant argues that such evidence was relied upon in making decisions that are relevant to this case.

The Court reserves ruling on this motion and directs Defendant to make a proffer to the Court regarding what evidence it intends to introduce with respect to complaints about Plaintiff's job performance, its relevance,  and the foundation for the evidence.

**B.    Evidence of other FMLA Cases Involving Defendant**

Defendant asks that Plaintiff be prohibited from introducing evidence of earlier cases involving Defendant or  other Grant County employees that sued under the FMLA.

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT TO ALTER OR AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; CONTINUING JURY TRIAL** ~ 2

The Court reserves ruling on this motion and directs Plaintiff to make a proffer to the Court regarding what evidence it intends to introduce with respect to the earlier cases, the foundation and relevance.

**3.    Objections to Witnesses**

Plaintiff objected to a number of Defendant's witnesses. Upon inquiry, Defendant identified four witnesses that it intends to call at trial who were not disclosed in its initial disclosures. On September 4, 2012, Defendant provided Plaintiff with names of persons it believed had relevant information.  At the time, Plaintiff believed that this disclosure was too late to permit her counsel to depose the witnesses before the discovery cutoff and now asks the Court to preclude Defendant from presenting these witnesses at trial.

Defendant disclosed the names of the potential witnesses roughly 40 days prior to discovery cutoff and the Court does not find that Defendant acted in bad faith. Given that there are only four additional witnesses, the Court declines to impose sanctions. The following witnesses will be permitted to testify at trial:

Cindy Carter, Dave Firebaugh or William Varney, and Daryl Pheasant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Court to Alter or Amend ("Reconsider") Its Order on Motions for Summary Judgment, ECF No. 54, is **GRANTED**.

2. Defendant's Motion to Strike Retaliation and/or Interference Claim as Moot and to Dismiss State Law Claims Without Prejudice, ECF No. 56, is **DENIED**.

3. Defendant's Motion to Continue Trial Date, ECF No. 64, is **GRANTED**.

4. The jury trial currently set for February 11, 2013 is **continued** to **April 22, 2013**, in Spokane, Washington.  Counsel shall appear at 8:30 a.m.  Jury selection shall begin at 9:00 a.m.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT TO ALTER OR AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; CONTINUING JURY TRIAL** ~ 3

5.   Plaintiff's and Defendant's Motions to Expedite, ECF Nos. 52, 59, 67, are **GRANTED**.

6.   Plaintiff's Motion in Limine, ECF No. 43, is **RESERVED**.

7.   Defendant's Motion in Limine, ECF No. 46, is **RESERVED**.

8.   On or before **March 1, 2013**, the parties are directed to submit their offer of proof, consistent with this Order.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of January, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\RHW\aCIVIL\2011\Lane\pretrialord.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR COURT TO ALTER OR AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; CONTINUING JURY TRIAL ~ 4**